Evans-Snider-Buel Company, Plaintiff in Error, v. Bank of Atchison County, Defendant in Error.

Kansas City Court of Appeals, November 7, 1898.

Chattel Mortgage: WAIVER BY MORTGAGEE: CONVERSION. Where a mortgagee of cattle, a live stock commission company, receives the mortgaged cattle and sells them and issues to the mortgagor its draft for the proceeds, it waives its rights to such proceeds, and a bank with which such draft is deposited is not liable therefor to such mortgagee.

*Appeal from the Atchison Circuit Court.*—Hon. Cyrus A. Anthony, Judge.

Affirmed.

H. M. Pollard and Hunt & Bailey for plaintiff in error.

(1) The verdict and judgment in this case should have been for the plaintiff in error. The action for money had and received is a kind of *quasi* equitable action. Green's Missouri Practice [1 Ed.], p. 256, secs. 658, 659, also p. 479, sec. 1248; 2 Greenl. Ev. [13 Ed.], p. 98, secs. 117 to 124 inclusive; Benoist v. Siter, 9 Mo. 657; Railway v. McLiney, 32 Mo. App. 166; Jacoby v. O'Hearn, 32 Mo. App. 566; Gwin v. Smur, 49 Mo. App. 363; Clark v. Bank, 57 Mo. App. 277, 285; Winningham v. Fancher, 52 Mo. App. 458. (2) The recording imparts notice from the time it is filed for record to all the world. Miller v. Whitson, 40 Mo. 97; Bank v. Morris, 114 Mo. 262; Bank v. Metcalf, etc., 40 Mo. App. 494–501; McNichols v. Fry, 62 Mo. App. 17. (3) The rule is that the purchaser at his peril

must inquire into the state of his grantor's title, since he will be affected with constructive notice of all duly recorded conveyances by his grantor affecting the same. Digman v. McCullum, 47 Mo. 372–386; Cedar Co. v. Williams, 79 Mo. 583; Tydings v. Pitcher, 82 Mo. 384; Huiser v. Beck, 55 Mo. App. 668; Bank v. Metcalf, 29 Mo. App. 384; Collins v. Wilhoit, 108 Mo. 458. (4) Plaintiff's mortgage is good against third parties, and defendant in error is in no position to defeat the recovery of plaintiff for the proceeds of those cattle. 3 Am. and Eng. Ency. of Law [1 Ed.], foot page 198, side page 12; Cragin v. Carmichael, 11 Nat. Bank Reg. 511; Allen v. McCalla, 25 Iowa, 464; Hathorn v. Lewis, 22 Ill. 395; Boyd v. Beach, 20 Ala. 703; Lewis v. Palmer, 28 N. Y. 271; Corning v. Medical Co., 46 Mo. App. 16; Bank v. Powers, 134 Mo. 432; Miller v. Whitson, 40 Mo. 97; Feurt v. Rowell, 62 Mo. 524; State v. Cooper, 79 Mo. 464; Clemmer v. Bank, 41 N. E. Rep. (Ill. Sup.) 728; Bank v. Gillespie, 137 U. S. 411; 11 Sup. Ct. 118; Bank v. Bank, 50 Mo. App. 94; Bank v. Adams, 84 Fed. Rep. 269; Banard v. Campbell, 58 N. Y. 73; Stephens v. Brennan, 79 N. Y. 254.

M. McKillop and Lewis & Ramsay for defendant in error.

(1) If the money and check were rightly in defendant's possession it is difficult to see how a conversion could be established without there being a demand, and this was plaintiff's theory, though it failed to make a demand. 4 Am. and Eng. Ency. of Law, 115. (2) But notice of the mortgage, whether constructive or actual, would only be notice of its contents—that is, such notice as a person could acquire by reading it. Such notice, without more, would not apply to the

proceeds of the property. 20 Am. and Eng. Ency. of Law, 599. (3) Even if the bank had known that the $621 check represented plaintiff's money, yet, as it was plaintiff's own check made payable to Christian & Longhening, the bank, without knowing anything more, would have been justified in cashing it for Christian & Longhening or of placing it to their credit. Crippen, Lawrence, & Co. v. Bank, 51 Mo. App. 508; Duckett v. Bank, 39 L. R. A. 84; Bank v. Roller, 36 L. R. A. 767; Leaphert v. Bank, 33 L. R. A. 700; Hindmerch v. Hoffman, 4 L. R. A. 368; Hutchinson v. Manhatten Co., 150 N. Y. 250; Bank v. Bank, 58 Mo. App. 17; Rost v. French, 13 Wend. 530; Bank v. Bank, 71 Mo. 183; Bank v. Gay, etc., 114 Mo. 203; Fithian v. Marks, 63 Mo. 167; Bank v. Bank, 71 Mo. 183; Bank v. Gordon, 114 Mo. 203.

GILL, J.—Plaintiff, a live stock commission company doing business at Chicago and Kansas City, brought an action in two counts against defendant, a banking corporation in Atchison county, STATEMENT. for conversion of certain moneys alleged to belong to the plaintiff. The first count charged the conversion of $636 on April 8, 1896, and the second count alleged a conversion of $306 on May 7, 1896. The answer was a general denial. At the close of plaintiff's evidence the trial court directed a verdict for defendant and the plaintiff brings the case here by writ of error.

The material facts are about as follows: Christian & Longhening were traders and feeders of stock in Atchison county and kept a bank account with the defendant with whom they made deposits when stock was sold and on whom they made checks for stock, feed, etc., purchased. In November, 1895, Longhening (acting it seems in behalf of the firm of Christian & Longhening) borrowed about $1,600 from the plaintiff

corporation and made a chattel mortgage covering fifty-eight head of cattle he was then feeding for market. It was the understanding that after feeding the cattle about six months (the duration of the loan) they were to be consigned to the plaintiff (Buel Company) who was to sell the same on commission and out of the proceeds pay the loan. In April, 1896, Christian & Longhening (which we shall hereafter designate as C. & L.) shipped twenty-two head of these cattle to the plaintiff at Kansas City, Longhening going with them. The cattle were there sold by plaintiff (acting as commission agent for C. & L.) and the net proceeds were paid over by plaintiff giving its check for $621 payable to said C. & L. or order and $15 cash delivered to Longhening. The plaintiff's representative at Kansas City (who sold the C. & L. stock) seems to have been ignorant of the mortgage given to his company. Longhening took the $621 check back to Atchison county and deposited same to the credit of C. & L. in defendant's bank, and the proceeds thereof were drawn against by C. & L. and used as other credits. The receipt and appropriation of this $621 check so given to C. & L. by plaintiff seems to serve the basis of the first count in the petition.

The second count is based on a shipment in May, 1896, of six head of the mortgaged cattle to Chicago where plaintiff (the mortgagee) received and sold them, along with some twenty-four other cattle shipped by C. & L. Christian accompanied this shipment, and, under an agreement then and there made, the entire proceeds of the thirty cattle were transferred by plaintiff to defendant's bank to the credit of C. & L.— Christian however promising that when he returned home he and Longhening would compute the proximate amount for which the six mortgaged cattle sold and remit this sum to plaintiff at Chicago.

This however was not done, and thereupon a representative of plaintiff was sent from Chicago to Atchison county to investigate the matter. This agent then learning of the shipment of the twenty-two cattle to his firm at Kansas City, the sale thereof and payment of the proceeds over to C. & L., demanded that such proceeds of sale be paid to his firm. Covering this demand C. & L. gave to plaintiff their check on the defendant, the Atchison county bank, for $800, but this check was on presentation refused payment for want of funds to the credit of C. & L.

On this state of facts there is no possible theory of law or justice for holding the defendant bank liable. Much is said in plaintiff's brief as to defendant's knowledge of the existence of plaintiff's mortgage covering the C. & L. cattle— that the bank had at least constructive notice of plaintiff's lien thereon, etc. Even if this were true and defendant in fact knew of the mortgage—or even if the bank had knowledge that the $621, as well as the proceeds of the six cattle sold at Chicago, came from the disposition of cattle on which plaintiff had a lien, yet defendant can not be held liable on either count of the petition. For, while plaintiff had the right to sell the cattle and appropriate the proceeds to the satisfaction of its mortgage claim, yet it might, as it did, waive its rights under the mortgage and deliver over to said C. & L. the money arising from the sale of the cattle. The case is too plain for argument. The authorities cited in plaintiff's brief do not in any degree support its contention. The judgment is clearly for the right party and will be affirmed. All concur.

CHATTEL mortgage: waiver by mortgagee: conversion.